# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-30275
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON W. HARPER,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CR-231-1

—————————————————————

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Jason W. Harper, federal prisoner # 16667-035, appeals the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in denying his motion on the ground that he failed to exhaust his administrative remedies because there are no available remedies. Harper also argues that he is entitled to

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

compassionate release because he has shown that extraordinary and compelling circumstances exist and has shown that the 18 U.S.C. § 3553(a) factors warrant relief.

We review a district court's denial of a motion for compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A § 3582(c)(1)(A) compassionate release motion may be filed by a defendant "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020). In *Franco*, the court noted that "[t]he First Step Act, in clear language, specifies what a defendant must do before [he] files a motion for compassionate release in federal court." 973 F.3d at 468. The court held that, because the Government properly raised the rule requiring exhaustion in the district court, "the court *must* enforce the rule." *Id.* (internal quotation marks and citation omitted).

In this case, the Government properly raised the exhaustion rule in the district court, and Harper did not dispute that, prior to filing his motion, he failed to file a request for compassionate release with the warden. We do not consider his argument that the BOP's administrative remedies are unavailable, as he raises this claim for the first time on appeal. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021). Accordingly, the district court's denial of Harper's motion on the ground that he failed to exhaust his administrative remedies is AFFIRMED. *See Franco*, 973 F.3d at 468.